**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:15 CR 296 |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| HUGO GILBERTO AGUILAR, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant-Appellant. | ) | |

This matter is before the Court on Defendant-Appellant Hugo Gilberto Aguilar's Motion for Leave to Proceed on Appeal *in Forma Pauperis*. (ECF # 237). On December 21, 2015, Mr. Aguilar entered a guilty plea to one count of Conspiracy to Possess with Intent To Distribute and To Distribute Heroin, in violation of 21 U.S.C. § 846. (ECF # 74). On July 18, 2022, the Court sentenced Mr. Aguilar to the custody of the Bureau of Prisons for a term of 136 months, to be followed by a term of eight years of Supervised Release. (ECF # 233, 234). The next day, Mr. Aguilar filed a Notice of Appeal to the Sixth Circuit Court of Appeals from the Judgment. (ECF # 236). Through retained counsel, Mr. Aguilar filed the present motion on July 29, 2022. The Government filed a Response in opposition to the motion. (ECF # 238).

When deciding whether to allow a party to proceed on appeal *in forma pauperis*, the District Court must consider both the party's financial ability to pay for appeal costs and the merits of the appeal. Fed. R. App. P. 24; *Callahan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999) ("[a]fter this required [financial] information has been filed, the district court must ascertain both the individual's pauper status and the merits of the appeal"). Therefore, if a district court finds the appeal to be meritless or frivolous, the court may deny a party's motion to

proceed on appeal *in forma pauperis.* The district court has discretion as to whether a party may proceed *in forma pauperis. Flippin v. Coburn*, 107 Fed. Appx. 520, 521 (6th Cir. 2004).

Mr. Aguilar did not assert any grounds on which he plans to appeal his conviction, so the Court cannot determine the merits of any putative appeal he may raise. Further, as part of his plea agreement, Mr. Aguilar waived his right to appeal his conviction or sentence in most circumstances. (ECF # 75 SEALED). Mr. Aguilar reserves the right to appeal his sentence only so far as the sentence imposed exceeds either (1) the statutory maximum penalty or (2) the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines in accordance with the computations as stipulated in the plea agreement and using the Criminal History Category found applicable by the Court at sentencing. Mr. Aguilar's 136-month sentence is well-below the statutory maximum penalty of life imprisonment. Further, his sentence is toward the low end of the guideline range of 135 to 168 months. Therefore, Mr. Aguilar lacks standing to raise an appeal of his sentence on these permitted grounds.

He also reserves the right to raise the issues of prosecutorial misconduct and ineffective assistance of counsel on direct appeal or collateral attack. With that being said, there are no ineffective assistance of counsel or prosecutorial misconduct issues in the record, and any ineffective assistance claim is more appropriately brought in a motion to vacate under 28 U.S.C. § 2255. *See United States v. Ferguson*, 669 F.3d 756, 766 (6th Cir. 2012) ("[f]or a criminal defendant in federal custody a motion under 28 U.S.C. § 2255 is generally preferred").

Because Mr. Aguilar did not raise any grounds on which he plans to appeal, and because the Court cannot determine the merit of any ostensible grounds that he has not waived through his plea agreement and that he could bring on direct appeal, the Court does not need to determine

whether Mr. Aguilar can pay the costs associated with an appeal. For the reasons stated herein, Mr. Aguilar's Motion to Proceed on Appeal *in Forma Pauperis*, (ECF # 237), is DENIED.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
Senior United States District Judge

DATE: ___August 11, 2022___